BRIAN R. HARDY, ESQ.
Nevada Bar No. 10068
MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711
bhardy@maclaw.com

BLAINE L. HUTCHISON, ESQ.
Virginia Bar No. 93987
*Admitted Pro Hac Vice*
FRANK D. GARRISON, ESQ.
Indiana Bar No. 34024-49
*Admitted Pro Hac Vice*
c/o NATIONAL RIGHT TO WORK
LEGAL DEFENSE FOUNDATION, INC.
8001 Braddock Road, Suite 600
Springfield, Virginia 22160
(703) 321-8510
blh@nrtw.org
fdg@nrtw.org

*Attorneys for Plaintiff*
*Ali Bahreman*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ALI BAHREMAN, <br><br> Plaintiff, <br><br> v. <br><br> ALLEGIANT AIR, L.L.C. & TRANSPORT WORKERS UNION OF AMERICA LOCAL 577, <br><br> Defendants. | 2:20-cv-00437-RFB-DJA <br><br> **STIPULATION TO AMEND COMPLAINT, MOOT MOTIONS TO DISMISS, AND SET TIME TO RESPOND TO AMENDED COMPLAINT** |

IT IS HEREBY STIPULATED by and between Plaintiff ALI BAHREMAN ("Plaintiff"), through his counsel, Marquis Aurbach Coffing, Frank D. Garrison, and Blaine L. Hutchison, Defendant, ALLEGIANT AIR, L.L.C. ("Allegiant"), by and through its counsel, Jackson Lewis P.C., and Defendant TRANSPORT WORKERS UNION OF AMERICA LOCAL 577 ("TWUA")

by and through its counsel, McCraken, Stemerman & Holsberry, and Phillips, Richard & Rind, P.A., (collectively, Allegiant and TWUA are "Defendants"), that the Plaintiff is authorized to amend his Complaint—Plaintiff's Amended Complaint, ECF No. 26, is attached. The Plaintiff's Amended Complaint makes both Defendants' Motions to Dismiss, ECF Nos. 23, 25, moot. The Parties therefore stipulate that the Defendants have 21 days from the filing date of Plaintiff's Amended Complaint to answer or file new motions to dismiss.

This Stipulation is submitted and based upon the following:

1. Plaintiff filed his Complaint on March 2, 2020. ECF No. 1. Defendants were served with the Complaint on March 9, 2020.
2. Defendants' responses to the Complaint were originally due on March 30, 2020.
3. Plaintiff agreed to Defendants' request for a 45-day extension to respond to the Complaint. A joint stipulation by the Parties was filed on March 24, 2020. ECF No. 14.
4. Defendants filed Motions to Dismiss on May 13 and 14, 2020. ECF Nos 23, 25.
5. On May 27, 2020, Plaintiff filed the attached First Amended Complaint under Fed. R. Civ. Proc. 15(a)(1)(B). ECF No. 26.

Dated this 8th day of June, 2020.

| JACKSON LEWIS P.C. | MARQUIS AURBACH COFFING |
|---|---|
| */s/ Joshua A. Sliker* <br> JOSHUA A. SLIKER, ESQ. <br> Nevada Bar No. 12493 <br> 300 S. Fourth Street, Suite 900 <br> Las Vegas, Nevada 89101 <br><br> ANDREW McCLINTOCK, ESQ. <br> *Admitted Pro Hac Vice* <br> FORD HARRISON LLP <br> 271 – 17th Street, NW, Suite 1900 <br> Atlanta, Georgia 30363 <br><br> *Attorneys for Defendant* <br> *Allegiant Air, LLC* | */s/ Blaine L. Hutchison* <br> BLAINE L. HUTCHISON, ESQ. <br> *Admitted Pro Hac Vice* <br> FRANK D. GARRISON, ESQ. <br> *Admitted Pro Hac Vice* <br> c/o NATIONAL RIGHT TO WORK LEGAL DEFENSE FOUNDATION, INC. <br> 8001 Braddock Road, Suite 600 <br> Springfield, Virginia 22160 <br><br> BRIAN R. HARDY, ESQ. <br> Nevada Bar No. 10068 <br> 10001 Park Run Drive <br> Las Vegas, Nevada 89145 <br><br> *Attorneys for Plaintiff Ali Bahreman* |

| | |
|---|---|
| 1 | **McCRACKEN, STEMERMAN & HOLSBERRY** |
| 2 | |
| 3 | */s/ Richard G. McCracken*<br>RICHARD G. McCRACKEN, ESQ.<br>Nevada Bar No. 2748 |
| 4 | 1630 S. Commerce Street, Suite A-1<br>Las Vegas, Nevada 89102 |
| 5 | MARK RICHARD, ESQ. |
| 6 | *Admitted Pro Hac Vice*<br>OSNAT K. RIND, ESQ. |
| 7 | *Admitted Pro Hac Vice*<br>CHRISTINA S. GORNAIL, ESQ. |
| 8 | *Admitted Pro Hac Vice*<br>PHILLIPS, RICHARD & RIND, P.A.<br>9360 SW 72nd Street, Suite 283 |
| 9 | Miami, Florida 33173 |
| 10 | *Attorneys for Defendant TWU Local 577* |

**IT IS SO ORDERED.**

_____
RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE

DATED this 11th day of June, 2020.

**Marquis Aurbach Coffing**
Brian R. Hardy, Esq.
Nevada Bar No. 10068
10001 Park Run Drive
Las Vegas, Nevada 89145
Telephone: (702) 382-0711
Facsimile: (702) 382-5816
bhardy@maclaw.com
Attorney for Plaintiff Ali Bahreman

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ALI BAHREMAN,<br><br>        Plaintiff,<br><br>vs.<br><br>ALLEGIANT AIR, L.L.C. and TRANSPORT WORKERS UNION OF AMERICA LOCAL 577,<br><br>        Defendant. | Case Number: 2:20-cv-00437-RFB-DJA<br><br>**FIRST AMENDED COMPLAINT FOR DECLARATORY, MONETARY, AND INJUNCTIVE RELIEF** |

## PRELIMINARY STATEMENT

1. Ali Bahreman brings this action under the Railway Labor Act ("RLA") to redress an unlawful collective bargaining agreement provision and unlawful action taken against an employee based on that provision. Allegiant Air, L.L.C. ("Allegiant") and Transport Workers Union of America Local 577 ("TWU") negotiated a "union security" agreement that takes away an employee's bidding privileges if that employee refrains from paying TWU "service charges." This "union security" agreement violates the RLA because the statute's plain meaning only allows for a "union security" agreement that conditions payment of "service charges" on continued employment. Under their illegal "union security" agreement, Allegiant and TWU unlawfully revoked Plaintiff Ali Bahreman's bidding privileges causing him

Page 1 of 9
MAC:8988-166 Ali Amended Complaint Final 5/27/2020 4:59 PM

monetary damages.

2. Moreover, if the "union security" agreement in the collective bargaining agreement is not a "union security" agreement under the RLA, then the collective bargaining agreement's provision requiring nonunion members pay TWU a "service fee" or lose their bidding privileges is illegal under the RLA and violates the RLA's duty of fair representation requirement. In support of these contentions, Bahreman alleges:

**JURISDICTION AND VENUE**

3. Bahreman's claims arise under the RLA, 45 U.S.C. § 151, *et seq*., and the judicially recognized duty of fair representation. This Court thus has jurisdiction over this action under 28 U.S.C. §§ 1331 (federal question) and 1337 (interstate commerce). Under 28 U.S.C. §§ 2201 and 2202, the Court may declare Bahreman's rights.

4. Venue is proper in this Court according to 28 U.S.C. § 1391, because Bahreman's claim arose in this district.

**PARTIES**

5. Bahreman is employed by Allegiant as a flight attendant, is an "employee" under RLA, 45 U.S.C. §§ 151, 181, and is not a member of TWU.

6. Bahreman resides in Henderson, Nevada.

7. Allegiant is a "carrier" under RLA, 45 U.S.C. § 181.

8. TWU is a "representative" under 45 U.S.C. § 151 and is the exclusive bargaining representative for Bahreman and other flight attendants who work for Allegiant under 45 U.S.C. § 152.

## LEGAL AND FACTUAL BACKGROUND

9. Bahreman falls within the "craft or class" represented by the TWU, because he works for Allegiant as a flight attendant.

10. Under the RLA, TWU's status as the "exclusive representative" for flight attendants means that it has a legal right to demand that Allegiant negotiate only with it over flight attendants' terms and conditions of employment. 45 U.S.C. § 152. The Union's exclusive representative status forecloses Allegiant's ability to negotiate directly with nonunion members—employees within the craft/class TWU represents but who refrain from union membership. *Id.* As a result, the RLA forces nonmembers like Bahreman to accept TWU's representation and extinguishes their individual right to deal directly with their employer.

11. TWU's status as Bahreman's exclusive representative comes with a "Duty of Fair Representation" and it is therefore illegal under the RLA to treat bargaining unit members, like Bahreman, in an arbitrary or discriminatory manner or in bad faith.

12. Under the RLA it is illegal to "influence or coerce employees in an effort to induce them to join or remain or not to join or remain members of any labor organization . . . or to collect or to assist in the collection of any such dues, fees, assessments, or other contributions." 45 U.S.C. § 152, Fourth.

13. Under the RLA, exclusive representatives, like TWU, and employers, like Allegiant, may, however, maintain a "union security" agreement, which requires all represented employees to pay union fees ("forced fees") as *a condition of continued employment*—including employees who are nonmembers of the union like Bahreman. 45 U.S.C. § 152, Eleventh (emphasis added). The RLA provides only one means of enforcement of the "union security" requirement: discharge from employment. Thus, employees who are subject to a

MAC:8988-166 Ali Amended Complaint Final 5/27/2020 4:59 PM

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

lawful "union security" agreement between their union and employer must pay the fees or the employer has the power to fire them.

14. Under the RLA, firing is the exclusive remedy that an employer and union can negotiate for and include in a "union security" clause if an employee refuses to pay forced fees as a condition of employment. *Id.* The RLA only permits a "union security" agreement "as a condition of continued employment." *Id.* The RLA does not permit an employer and a union to enforce a "union security" agreement through other penalties or discrimination.

15. Allegiant and TWU negotiated and agreed to a five-year Collective Bargaining Agreement ("CBA"), effective December 21, 2017, which included a "union security" agreement.

16. The "union security" agreement within the CBA states, in relevant part:

Union Security

**D.** If a Flight Attendant becomes delinquent in the payment of her/his initiation fee, membership dues, or service charge such Flight Attendant shall be notified by the Union via registered mail, return receipt requested, copy to the Company, that she/he is delinquent in the payment of initiation fee, membership dues or service charge as specified herein and *is subject to loss of all bidding privileges*. Such a letter shall also notify the Flight Attendant that she/he must remit the required payment within a period of fifteen (15) calendar days, or the Flight Attendant will *lose all bidding privileges*.

**E.** If upon the expiration of the fifteen (15) days, the Flight Attendant still remains delinquent, the Union shall, in a written order, certify to the Company, with a copy to the Flight Attendant, that the Flight Attendant has failed to remit payment within the grace period allowed, and is, therefore, *to lose all of her/his bidding privileges. Such loss of bidding privileges shall be deemed to be for just cause.*

17. Under this contract, flight attendants like Bahreman, who are subject to the "union security" agreement, thus must pay forced fees to TWU or lose their bidding privileges. Forced fees are not conditioned on continued employment. Instead, TWU and Allegiant agreed that flight attendants who do not pay forced fees remain employees but lose a very

Page 4 of 9

MAC:8988-166 Ali Amended Complaint Final 5/27/2020 4:59 PM

1 important contractual benefit, bidding privileges.

18. Bidding privileges are the source of a flight attendant's ability to schedule preferred trips, vacations, and nonworking days.

19. Loss of bidding privileges affects Bahreman's quality of life by requiring that he be constantly on call to work and therefore cannot plan days off or hold secondary employment.

20. Bahreman is not a TWU member and has paid no forced fees to it.

21. On September 3, 2019, Allegiant notified Bahreman that his bidding privileges had been suspended based on receiving a written order from TWU that he was delinquent in paying initiation fees, membership dues, or "service charges."

22. Allegiant and TWU thus unlawfully punished Bahreman and discriminated against him by revoking his bidding privileges.

23. As a result of this unlawful employment action, Bahreman is unable to get his preferred shifts at work and has almost no control over his schedule, unlike other flight attendants who may "bid" for their preferred shifts based on their seniority.

24. Allegiant and TWU's unequal and illegal treatment of Bahreman inflicted on him both monetary and non-monetary harms.

## CLAIMS FOR RELIEF

### Count I: TWU and Allegiant violate the RLA by enforcing an illegal union security clause.

25. Paragraphs 1-24 are incorporated here by reference.

26. The RLA's plain meaning only permits a "union security" agreement that requires payment of union dues or fees "as a condition of continued employment." 45 U.S.C. § 152.

27. The "union security" agreement between TWU and Allegiant does not condition

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

Bahreman's "continued employment" on whether he pays union dues or fees, but instead conditions his "bidding privileges" on whether he pays union dues or fees.

28. By its very terms, the RLA only permits unions and employers to use termination from employment as a remedy for enforcing a "union security" agreement. RLA Section 2, Eleventh, 45 U.S.C. § 152, Eleventh.

29. The "union security" agreement between TWU and Allegiant is therefore facially, and as applied to Bahreman, unlawful under the RLA.

30. TWU and Allegiant inflicted monetary and non-monetary harm on Bahreman when they violated his rights by ratifying, maintaining, and enforcing the unlawful "union security" agreement that harms Bahreman's rights and discriminates him based upon unlawful considerations.

**Count II: TWU and Allegiant violate the RLA by requiring nonunion members, like Bahreman, to pay TWU dues or fees or lose their bidding privileges.**

31. Paragraph 1-30 are incorporated here by reference.

32. To the extent that the "union security" agreement in the contract between TWU and Allegiant does not constitute a "union security" clause under 45 U.S.C. § 152, Eleventh, those defendants violate 45 U.S.C. § 152, Fourth by maintaining a discriminatory and burdensome requirement in their CBA that nonunion members, like Bahreman, pay TWU dues or fees or lose their bidding privileges.

33. 45 U.S.C. § 152, Fourth makes it illegal to "influence or coerce employees in an effort to induce them to join or remain or not to join or remain members of any labor organization . . . or to collect or to assist in the collection of any such dues, fees, assessments, or other contributions."

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

34. The discriminatory and burdensome CBA requirement that nonunion members, like Bahreman, pay TWU dues or fees or lose their bidding privileges, not being a "union security" clause, does not qualify for the exception to the prohibitions under 45 U.S.C. § 152, Fourth that § 152, Eleventh provides.

35. Thus, TWU and Allegiant violated, and continue to violate, 45 U.S.C. § 152, Fourth by requiring, and continuing to require, Bahreman, a nonunion member, to pay TWU dues or fees or lose his bidding privileges as an employment condition, since those actions clearly "influence or coerce employees in an effort to induce them to join or remain or not to join or remain members of any labor organization."

**Count III: TWU and Allegiant violate the RLA's Duty of Fair Representation by requiring nonunion members, like Bahreman, to pay TWU dues or fees or lose their bidding privileges.**

36. A union violates the fiduciary duty of fair representation it owes to all employees when its conduct towards a collective bargaining unit member is arbitrary, discriminatory, or in bad faith.

37. To the extent that the "union security" agreement between TWU and Allegiant does not constitute a "union security" clause under 45 U.S.C. § 152, Eleventh, TWU, in conjunction with Allegiant, violates the RLA's Duty of Fair Representation by maintaining and enforcing a discriminatory and burdensome requirement in the CBA that nonunion members, like Bahreman, will lose their bidding privileges unless they pay dues or fees to TWU.

**REQUEST FOR RELIEF**

Bahreman asks that this Court:

A. Declare that the "union security" agreement in the CBA and its enforcement violates

Page 7 of 9

the RLA, as described in both Counts I and II, and violates the RLA's Duty of Fair Representation, and is therefore null and void;

B. Permanently enjoin TWU and Allegiant from enforcing the "union security" agreement or enacting another similar provision;

C. Permanently enjoin TWU and Allegiant from requiring that Bahreman pay TWU or lose his bidding privileges under the CBA;

D. Enter an injunction restoring all of his bidding privileges;

E. Award him compensatory, nominal, and equitable damages resulting from the unlawful revocation of his bidding privileges;

F. Grant further relief as the Court finds necessary and proper; and

G. Retain jurisdiction of this action for a reasonable period after entering a final judgment to ensure that TWU and Allegiant comply with this Court's orders.

Dated this 27th day of May, 2020.

MARQUIS AURBACH COFFING

By /s/ Brian R. Hardy, Esq.
　　Brian R. Hardy, Esq.
　　Nevada Bar No. 10068
　　10001 Park Run Drive
　　Las Vegas, Nevada 89145

　　s/Frank D. Garrison (IN Bar No. 34024-49) (*Pro Hac Vice*)
　　s/Blaine Hutchison (VA Bar No. 93987) (*Pro Hac Vice*).
　　c/o National Right to Work Legal Defense Foundation, Inc.
　　8001 Braddock Road, Suite 600
　　Springfield, Virginia 22160

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

Telephone: (703) 321-8510
fdg@nrtw.org
blh@nrtw.org
*Attorney(s) for Plaintiff Ali Bahreman*

### CERTIFICATE OF SERVICE

I hereby certify that the above First Amended Complaint is being served electronically upon counsel listed below through the court's ECF system.

Joshua A. Sliker, Esq. Jackson Lewis P.C
Andrew Mcclintock, ESQ. FORD HARRISON L.L.P.
Richard G. McCraken, Esquire McCraken, Stemerman & Holsberry
Mark Richard, Esquire; Osnat K. Rind, Esquire; and Christina S. Gornail, Esquire, Phillips, Richard & Rind, P.A.

Date: May 27, 2020

/s/ Frank D. Garrison
Frank D. Garrison

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816